**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**

V.                                                    **CRIMINAL NO. 3:03-cr-66WS
                                                      CIVIL ACTION NO. 3:05-CV-631WS**

**ELVIN L. ATLAS**

## ORDER

Before the court is petitioner Elvin L. Atlas' motion, brought pursuant to Title 28 U.S.C. § 2255,[1] by which he seeks to vacate his sentence. Atlas was charged on nine counts of a 53-count indictment filed on April 23, 2003. The indictment, *inter alia*, charged Atlas with conspiracy, stating that Atlas, Willie Renard Brown and eight other defendants had combined and had conspired to distribute cocaine and marijuana in violation of Title 21 U.S.C. § 841(a)(1).[2] Atlas also was charged with several counts of using a communications facility for the purpose of committing a narcotics offense in violation of Title 21 U.S.C. § 843(b),[3] all in violation of Title 21 U.S.C. § 846.[4]

---

[1] Title 28 U.S.C. § 2255 provides in pertinent part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[2] Title 21 U.S.C. § 841(a)(1) provides that, "... it shall be unlawful for any person knowingly or intentionally – (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; ... ."

[3] Title 21 U.S.C. § 843(b) provides that, "[i]t shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or

On April 20, 2004, a jury found Atlas guilty of all the charges brought against him. The jury also found from all the evidence and testimony that Atlas's conduct involved 11 kilograms of cocaine and 170 pounds of marijuana.

At sentencing, this court determined Atlas' base offense level by converting the cocaine amounts to the marijuana equivalent.  So, this court combined eleven kilograms of cocaine with the 170 pounds of marijuana, obtaining a total weight of 2279.38 kilograms of marijuana.  *See United States v. Turner*, 319 F.3d 716, 725 (5th Cir. 2003) (noting that five kilograms of cocaine is the equivalent to 1,000 kilograms of marijuana).  Section 2D1.1(c)(4) of the United States Sentencing Guidelines provides that for sentencing purposes, at least 1000 kilograms, but less than 3000 kilograms, of marijuana should be assigned an offense level of 32.  *Turner*, 319 F.3d at 725, noting that an offense level of 32 is assigned to a crime involving from 1,000 to 3,000 kilograms of marijuana.  Since Atlas had no criminal history, his criminal history being 1, this court calculated his guideline range from 121 to 151 months.  Additionally, regarding the multiple communication facility counts, Title 21 U.S.C. § 843(d)(1) provides that "any person who violates this section shall be sentenced to a term of imprisonment of not more than 4 years, a fine under Title 18, or both; ... ."

---

subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication."

[4]Title 21 U.S.C. § 846 provides that, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Significantly, Atlas' sentence is based wholly upon facts proven to a jury beyond a reasonable doubt.

On July 16, 2004, this court's Judgment was entered, sentencing Atlas to serve 136 months imprisonment on the one count of possession with intent to distribute in violation of Title 21 U.S.C. § 841(a)(1),[5] and 48 months on each count of using a communications facility in furtherance of a drug crime in violation of Title 21 U.S.C. § 843(b), the sentences on each of the communications charges to run concurrently. Atlas also was ordered to serve five years of supervised release as to count one and one year of supervised release as to each of the remaining counts concurrently. Finally, Atlas was ordered to pay a $3,000 fine and a $900 special assessment fees. Atlas appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit and his conviction was affirmed on June 10, 2005.

## **THE § 2255 PETITION**

Atlas filed the instant motion for habeas corpus relief on October 20, 2005, primarily asserting that (1), the absence of a reference to specific types and quantities of drugs in his indictment deprived this court of jurisdiction over the case; (2), that his sentence violated international law and the *Ex Post Facto* Clause of the Constitution of the United States; and (3), that his trial counsel had been ineffective for not challenging any drug weights offered in evidence, or arguing the issue of drug quantities to the jury. Atlas also states that his sentence exceeded the statutory

---

[5]Title 21 U.S.C. § 841(b)(1)(A)(vii) provides that the penalty for possession with intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana may be not be less than 10 years or more than life imprisonment.

maximum permitted by the United States Constitution; that the petit jury improperly was directed to find facts which the Grand Jury did not; that his sentence is unconstitutional because the procedures of Rule 32 of the Federal Rules of Criminal Procedure violate his constitutional rights; and the court's instruction to the jury on use of a communications device was in error.

## LEGAL STANDARD

After a defendant has been convicted and has exhausted his right to appeal, as is the case here, a court normally is "entitled to presume that [a defendant] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 23-32 (5th Cir. 1991). Thus, relief under Title 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996); *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to Title 28 U.S.C. § 2255 must establish one of the following: (1), that his sentence was imposed in violation of the Constitution or laws of the United States; (2), that the sentencing court lacked jurisdiction to impose the sentence; (3), that the sentence imposed exceeded the maximum authorized by law; or (4), that the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d

544, 546 (5th Cir. 1995). Absent any countervailing equitable considerations, a district court will refuse to adjudicate claims that were previously raised and rejected on direct review. *Withrow v. Williams*, 507 U.S. 680, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993).

## **THE JURISDICTION ISSUE**

The first claim submitted by Atlas in support of his petition for habeas corpus relief is that his indictment contained no reference to the type or amount of drugs with which he was charged, and that this deprives this court of subject matter jurisdiction. In the indictment, Atlas was charged in count one with conspiracy to distribute cocaine and marijuana. While the amounts referred to in the indictment are less than the amounts found by the jury from the evidence presented at trial, definite amounts of these two types of drugs were referenced in the indictment.

Of course, in order to confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute. *United States v. Desurra*, 865 F.2d 651, 654 (5th Cir. 1989). In *United States v. Cotton*, 535 U.S. 625, 629-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), the United States Supreme Court held that defects in an indictment do not deprive a federal court of subject matter jurisdiction. Accordingly, the United States Court of Appeals for the Fifth Circuit recognizes that, under *Cotton*, failure of the indictment to state a drug quantity does not deprive the federal court of jurisdiction. *United States v. Longoria*, 298 F.3d 367 (5th Cir. 2002). Thus, the first claim for relief offered by Atlas is without merit and there is no basis for granting habeas corpus relief on this ground.

## THE INTERNATIONAL LAW AND EX POST FACTO ASSERTIONS

Atlas raises his violation of international law claim under the International Covenant on Civil and Political Rights, an international treaty.  Any claim under this treaty must fail, first because the treaty is not self-executing and Congress has not enacted implementing legislation.  Secondly, relief under § 2255 does not extend to treaty violations.  *See Davis v. United States*, 417 U.S. 333, 344, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).  Thus, habeas relief is not available for such a violation.  *Accord United States, ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1063 (8th Cir. 2002).

Ordinarily, the Fifth Circuit follows the principle that international law affords a petitioner no greater relief than does domestic constitutional relief.  *See United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004).  In the instant case, Atlas did not raise this matter of international law on direct appeal.  Since no habeas relief is available for violating an international treaty, Atlas cannot demonstrate any cause and/or prejudice for this default in his § 2255 petition.  *Id.,* at 801.

Next, Atlas contends that application of the opinion of the United States Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756-69, 160 L.Ed.2d 621 (2005), to a sentencing hearing where an underlying offense was committed pre-Booker violates constitutional *ex post facto* requirements.  Atlas argues that he was sentenced under a mandatory sentencing system, so, he cannot be re-sentenced now under a non-mandatory system without running afoul of constitutional

*ex post facto* requirements.  Of course, after Atlas drafted this argument, the Fifth Circuit rejected it.  *See United States v. Austin*, 432 F.3d 598, 599 (5th Cir. 2005), citing *United States v. Duncan*, 400 F.3d 1297, 1307 (11th Cir.), *cert. denied*, --- U.S. ----, 126 S.Ct. 432, 163 L.Ed.2d 329 (2005) (finding that application of the *Booker* opinion does not violate *ex post facto* principles where the statute imposes a maximum sentence of life imprisonment).  As noted previously, Atlas was convicted of violating Title 21 U.S.C. § 841(A)(1) for conspiring to distribute cocaine and marijuana in an amount equivalent to over 2000 kilograms of marijuana.  The statutory maximum sentence for this violation is life imprisonment.  No *ex post facto* violation is presented in this habeas corpus petition.

Furthermore, *Booker* applies the holdings of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to the United States Sentencing Guidelines.  So, other than the pronouncement that the Sentencing Guidelines are no longer mandatory, the *Booker* decision says that any fact which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant *or proved to a jury beyond a reasonable doubt.  Id.*, 125 S.Ct. at 756.

This court based its sentencing of Atlas on the jury verdict, and did not enhance the offense level based on any other factors.  Moreover, Atlas is not complaining about being re-sentenced pursuant to *Booker.*  No *Booker* issue is before the court pursuant to this petition.  No underlying offense affected sentencing in this case.  Atlas

7

was convicted and sentenced solely on the basis of evidence submitted to a jury which found Atlas guilty as charged. The jury found beyond reasonable doubt that Atlas' criminal conduct involved 11 kilograms of cocaine and 170 pounds of marijuana. Thus, no *Booker* error is presented. *See United States v. Arnold,* 416 F.3d 349, 362 (5th Cir. 2005), finding that the district court's actions did not constitute *Booker* error at all where the petitioner's sentence was based solely on facts found by a jury beyond a reasonable doubt, and the district court did not engage in any fact finding that increased the sentencing range.

Consequently, this court finds no basis for granting habeas corpus relief on Atlas' international law or *ex post facto* claims.

## ASSISTANCE OF COUNSEL

Atlas generally asserts that his attorney rendered ineffective assistance because he did not object to the government's evidence pertaining to drug amounts during trial and did not argue the matter of drug quantities to the jury during closing argument.

Claims of ineffective assistance of trial counsel are generally measured by the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Id.* at 687. Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687-689.

The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief.  *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

In the instant case, Atlas has attacked counsel's failure to raise an objection regarding the amount of drugs, or to argue the amount issue to the jury.  Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir.1992) (citing *Strickland* ), *cert. denied*, 509 U.S. 921, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993).  In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Under the prejudice prong of Strickland, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

At the trial of this case, the government submitted evidence to establish a conspiracy between Atlas and Willie Renard Brown to obtain, deliver and sell various amounts of cocaine and marijuana.[6] The testimony given at trial was bolstered with transcripts of government wiretaps detailing telephone activity between Atlas and Brown. The wiretap transcripts consisted of conversations between Brown and Atlas regarding a May 8, 2002, delivery of one kilogram of cocaine to Atlas for the price of $23,000.00; a subsequent call reducing the price to $22,000.00; Brown's call on May 8, 2002, to tell Atlas that Brown was about to deliver the cocaine; a May 13, 2002, discussion about obtaining ten kilograms of cocaine from Mexico, and an additional discussion concerning Atlas' interest in buying marijuana; during this discussion, Brown explained his plan to obtain ten more kilograms of cocaine from Mexico which could be purchased at the reduced price of $14,500.00 per kilogram because transactions made closer to the international border were less expensive; a May 19, 2002, call between Brown and Atlas regarding 50 to 100 pounds of marijuana; a June 12, 2002, discussion between Brown and Atlas regarding another shipment of marijuana Brown was expecting, a June 17, 2002, call from Brown to Atlas where Brown explained that he would call in a couple of days about the marijuana; during this conversation, Atlas agreed to purchase 100 pounds instead of the previously discussed 50 pounds; and a June 18, 2002, call from Brown to Atlas, reporting that

---

[6] In *United States v. Atlas*, 132 Fed. Appx. 518 (5th Cir. 2005), the direct appeal of Elvin Atlas, the Fifth Circuit found that the testimony of the co-defendant was sufficient to show that Atlas joined in the conspiracy's ultimate purpose of distributing drugs, citing *United States v. Thomas*, 12 F.3d 1350, 1365 (5th Cir.1994); and *United States v. Puig-Infante*, 19 F.3d 929, 936 (5th Cir. 1994); and noted that Atlas did not dispute that the telephone system was used in connection with the offense.

the truck carrying the marijuana shipment had been intercepted by the Bolton, Mississippi, police department.

The determination whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record, and each case is judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), cert. denied, 467 U.S. 1220, 104 S.Ct. 2669, 81 L.Ed.2d 374 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-691. Counsel will not be judged ineffective only by hindsight.

Atlas has not shown that the government's evidence on quantity was inadmissible, or why an objection by his attorney to admissible evidence would not have been frivolous. Defense counsel is not required to raise every frivolous objection. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ( "failure to make a frivolous abjection does not cause counsel's performance to fall below an objective level of reasonableness...."). Moreover, given the number, the nature, and the seriousness of the charges against Atlas and the obvious strength of the case against him, his attorney's strategy may have been to refrain from doing anything to reinforce in the minds of the jurors any information about quantities of cocaine and marijuana by raising objections and presenting argument on the matter.

Finally, in the event Atlas claims that the amount of drugs should not include the amount merely discussed, the Fifth Circuit already has noted in its unpublished

11

opinion denying Atlas' direct appeal that a district court may hold a defendant accountable for an unconsummated transaction, concluding that Atlas never said or argued that he was unable to receive and sell the amounts discussed, citing *United States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998);  and *United States v. Davis*, 76 F.3d 82, 85 (5th Cir. 1996).

Based on the foregoing authority, this court finds no basis upon which to conclude that Atlas' trial counsel was ineffective and hereby denies the habeas corpus relief Atlas  requested on this ground.

### PETITIONER'S ADDITIONAL ASSERTIONS

Atlas next asserts that his sentence exceeded the statutory maximum permitted by the United States Constitution.  This objection is without merit.  As noted above, a violation of Title 21 U.S.C. § 841(a)(1) by conspiring to possess and distribute the equivalent amount of over two thousand kilograms of marijuana (11 kilograms of cocaine equals of 2200 kilograms of marijuana under the Sentencing Guidelines) is punishable by a period of incarceration not less than ten years and not more than life.  Atlas was sentenced to serve 136 months in the custody of the Bureau of Prisons.

Next, Atlas complains of the variance between the quantity of drugs alleged in the indictment handed down by the Grand Jury and the quantity indicated by the evidence and found by the petit jury.  This assertion is without merit since such a variance does not taint the conviction.  *United States v. Guerra-Marez*, 928 F.2d 665, 673 (5th Cir. 1991), citing *United States v. Sheikh*, 654 F.2d 1057, 1066-67 (5th Cir. 1981), *cert. denied*, 455 U.S. 991, 102 S.Ct. 1617, 71 L.Ed.2d 852 (1982).  The indictment fairly apprised Atlas of the charges against him, and provided enough

information for him to construct a defense.  Thus no prejudice resulted from this variance.  *Id.*

Furthermore, Atlas' assertion that his petit jury improperly was directed to find facts which the Grand Jury did not is without merit.  The function of these two bodies is not the same.  While a petit jury is the judge of the facts at trial, the Grand Jury determines whether probable cause to indict exists.  The Fifth Amendment[7] right to have a Grand Jury serves the vital function of providing for a body of citizens that acts as a check on prosecutorial power by determining, by majority vote, whether probable cause exists to indict defendants for the offenses with which they have been charged.  *United States v. Robinson*, 367 F.3d 278, 286-88 (5th Cir. 2004), citing *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).  The right to a jury trial is governed by the Sixth Amendment[8] and the petit jury, unlike the Grand Jury, must find guilt beyond a reasonable doubt by a unanimous vote.  *Id.*, citing *Cotton*, 535 U.S. at 634, 122 S.Ct. 1781.  That a petit jury finds facts from the evidence at trial which a Grand Jury did not have before it, or did not consider in its determination of probable cause is not error and does not give rise to a habeas corpus claim.

---

[7]The Fifth Amendment to the Constitution of the United States provides in pertinent part that, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury ... ."

[8]The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

Also lacking any merit is Atlas' claim that his sentence is unconstitutional because the procedures of Rule 32 of the Federal Rules of Criminal Procedure usurp the role of this court. Atlas argues that a United States Probation officer "has no jurisdiction to determine the offense level." Atlas agrees that his offense level must be determined by this court.

This court, not the probation officer, made the sentencing determinations in this case. The probation officer assisted the court in this matter. The probation officer's findings are not binding on this court's sentencing determination. Rule 32(c)(1)(A) provides that "[t]he probation officer must conduct a presentence investigation and submit a report to the court before it (the court) imposes sentence." This report assists the court in making its sentencing determination. Title 18 U.S.C. §3553(a) provides that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection ... ." The court is assisted in this task by the probation officer. The probation officer does not direct the court nor dictate what the base offense level will be as Atlas' argument suggests. Furthermore, Atlas' belief that the probation officer is given too much authority in the sentencing process presents no constitutional predicate for granting habeas corpus relief.

Next, Atlas contends that this court's instruction to the jury on the use of a communications facility in commission of a drug crime was improper because the instruction did not inform the jury of the specific drug(s) involved. Of course, this court followed the Fifth Circuit's Pattern Jury Instructions for criminal cases, particularly Pattern Instruction 2.88 which is drawn from Fifth Circuit precedent on Title 21 U.S.C.

§ 843(b). The statute provides in pertinent part that, "[i]t shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter ... ." Thus, an element of a Title 21 U.S.C. § 843(b) offense is the defendant's commission of an independent *drug crime* or facilitation of such a crime. *United States v. Mankins,* 135 F.3d 946, 949 (5th Cir. 1998) (a conviction under § 843(b) requires proof that a defendant (1) knowingly or intentionally (2) used a communications facility (3) to facilitate the commission of a *drug offense*). No statutory language contained in § 843(b) requires that an indictment or an instruction specify the type drug involved in an offense. *See Guerra-Marez*, 928 F.2d at 675 (no statutory requirement under § 843(b) that an indictment specify the drug involved in the offense). Therefore, this court finds no reason to grant habeas corpus relief based on Atlas' contention that this court's instruction on use of a communications facility was faulty.

## CERTIFICATE OF APPEALABILITY DENIED

A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Title 28 U.S.C.

§ 2253(c)(2).[9]  The showing required to satisfy § 2253(c) is straightforward:  the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000).  In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*;  *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  In the instant case, Atlas has made no such demonstration.

## **CONCLUSION**

The court concludes, based on the foregoing authority, that Elvin L. Atlas' motion to vacate, set aside, or correct his sentence submitted under Title 28 U.S.C. § 2255 is not well taken and the same is hereby denied.  The court further concludes that Atlas is not entitled to a Certificate of Appealability.

**SO ORDERED** this the 12th day of March, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Criminal No. 3:03-cr-66WS
Order

---

[9]Title 28 U.S.C. § 2253(c)(2) provides that, "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."